# Daniel Meigs, *vs.* Stephen B. Parke.

### *From Jefferson.*

Where a rule of practice is changed by statute without any saving clause, the new law is applicable to all cases then pending.

The act of 1840, limiting costs in certain cases, for slander &c., applied to suits commenced previous to the taking effect of that act, if terminated subsequently.

A jury cannot award costs where the legislature has prescribed the costs incident to the damages assessed.

By agreement of parties this cause is submitted to the Supreme Court upon the following statement:

" The writ of summons was issued, and the declaration filed, 18th January, 1841; appearance term commenced 6th April, 1841. On the 31st December, 1841, an act of the legislature was approved, to take effect from the 3d March following, which provides ' that in all actions of tort, brought originally in any of the District Courts of this territory,

if the plaintiff recover less than fifty dollars, he shall recover no more costs than damages.'

"The defendant pleaded,

" 1. The general issue ; which before trial by the leave of the court, he struck out and abandoned.

" 2. The truth of the words charged, in justification, to which the plaintiff replied " *de injuria, &c*," upon which issue alone the cause was submitted to the jury, who found for the plaintiff ' ten cents damages and costs of the suit,' and were discharged from the further consideration of the case. Thereupon the defendant insisted that the court ought to render judgment against the defendant for ten cents damages and ten cents costs, notwithstanding the verdict gave full costs to the plaintiff; because he said the jury could find *damages* only, and had no power or discretion to award costs ; and that the statute above mentioned, which he insisted was applicable to this case, would allow the plaintiff for costs but ten cents as a legal incident to a verdict of ten cents damages. The plaintiff however, insisted that he ought to have judgment for the ten cents damages found by the jury, and also his full costs.

" 1. Because the statute aforesaid did not apply to causes commenced before the statute took effect, and therefore judgment for full costs was in such cases incident to a verdict of ten cents damages.

" 2. Because if the statute aforesaid did apply to this case, the jury might nevertheless award costs as a part of their verdict.

" But because the court was of the opinion that the plaintiff upon that verdict could have judgment for only ten cents costs, the plaintiff moved for a new trial, which was granted to him, and thereupon the cause was continued to the next term of the court, when it was again continued to the April term, 1842.

" The defendant however, excepted to the opinion of the court, in sustaining the motion for a new trial, and his bill of exceptions was made part of the record.

" Now 1st, if the Supreme Court are of the opinion that the court below ought to have rendered judgment upon that verdict in favor of the plaintiff against the defendant for ten cents damages and all the costs of the suit, according to the finding of the jury, then the cause is to be remanded to the District Court with instructions accordingly to render such judgment, and the plaintiff in that case abandons the new trial aforementioned. But if the Supreme Court are of the opinion that the court below, upon that finding, ought to have rendered judgment for ten cents damages

and only ten cents costs against the defendant in favor of the plaintiff, the said Supreme Court are then to consider : Secondly, whether, if a new trial had taken place, and on such new trial verdict and judgment had gone against the defendant for fifty dollars, and all costs, and assigned for error the granting of the new trial afore-said, the Supreme Court would have regarded that as an error, and reversed the judgment on that account, and rendered judgment or remanded the cause to the District Court, with instructions to render judgment upon the first verdict for ten cents damages and ten cents costs in favor of the plaintiff. And if the Supreme Court are of the opinion that such would have been the result, the case is to be remanded with instructions to render such judgment in the court below, in favor of the plaintiff, against the defendant for ten cents damages and ten cents costs. But third, if the Supreme Court are of the opinion that judgment ought to have been rendered upon the former verdict in favor of the plaintiff, against the defendant, for ten cents damages and only ten cents costs, notwithstanding the jury found full costs for the plaintiff, and notwith-withstanding the statute aforementioned took effect after the commence-ment of this suit ; and are also of the opinion that the granting of the new trial would not (as in the case above supposed) be error to reverse the judgment to be rendered upon the finding of the jury on such new trial, then the cause to be remanded to the District Court with instruc-tions to proceed with such new trial.

> " CYRUS OLNEY,
> Attorney for plaintiff.
> " SAMUEL SHUFFLETON,
> Attorney for defendant."

PER CURIAM, MASON, CHIEF JUSTICE.—This case does not come properly before us, for there has been no final judgment below. It is, however, brought here by mutual consent, and as the questions raised present no particular difficulty, we have concluded to decide such of them as relate to the past action of the court below. The first of these is in reference to the decision of the District Court, that the act of 1840 limiting the costs in certain cases applied to suits commenced previous to the taking effect of that act, if terminated subsequently. This we think was correct. Where a rule of practice is changed by statute with-out any saving clause, we have always regarded the new law as applica-ble to all cases then pending. This rule is applicable to the case now under consideration.

The court was right, too, in disregarding the verdict of the jury, so

far as that verdict would operate to repeal the statute, or render it inoperative upon the case. The jury overstepped their legitimate limits when they undertook to regulate the subject of costs, which had already been arranged by the legislature. As well might they have declared that there should be a longer stay of execution than the law had provided. The form of the verdict was a legitimate argument to be addressed to the discretion of the court for the purpose of obtaining a new trial, but could not have justified the court in disregarding a positive statute. The case will therefore be remanded to the District Court of Jefferson county for further proceedings therein.