Marcella K. Schmitt et al., administrators of estates of Dorothy T. and Theodore G. Schmitt, deceased, appellants, v. Jenkins Truck Lines, Inc., et al., appellees.

No. 52521.

(Reported in 149 N.W.2d 789)

APRIL 4, 1967.

Whitley M. Hemingway, of Webster City, and Frank Byrd, of Memphis, Tennessee, both for appellants.

McCracken & Carlin and McDonald & McDonald, all of Davenport, for appellees.

RAWLINGS, J.—Plaintiffs-administrators brought actions for damages, including value of services as spouse and parent, resulting from what appears to be the instantaneous automobile accident death of their husband-father and wife-mother decedents. Six minor children survive.

The fatal accident occurred January 15, 1965. These actions were commenced January 21, 1966.

Defendant Violet H. Sorge filed an application for separate adjudication of law points. Rule 105, Rules of Civil Procedure.

The questions presented and raised on appeal are as follows: (1) Does chapter 427, Acts of the Sixty-first General Assembly, operate retrospectively. (2) If it does, may plaintiffs introduce evidence relating to and recover damages for loss of services as a spouse or spouses.

The trial court found this legislative enactment operates only prospectively, making it here inapplicable. And, in view of the fact decedents both died instantaneously, plaintiffs would not be allowed to introduce evidence or recover for loss of services and support of one spouse to the other.

Upon plaintiffs' application, leave to appeal was granted. We reverse in part and affirm in part.

I. The problem presented is one of statutory construction.

Code section 4.2 provides: "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this Code. Its provisions and all proceedings under it shall be liberally construed with a view to promote its objects and assist the parties in obtaining justice."

The Act in question became effective July 4, 1965. It served to amend section 613.11, Code, 1962.

Now identified as section 613.15, Code, 1966, the law as last amended is as follows: "In any action for damages because of the wrongful or negligent injury or death of a woman, there shall be no disabilities or restrictions, and recovery may be had on account thereof in the same manner as in cases of damage because of the wrongful or negligent injury or death of a man. In addition she, or her administrator for her estate, may recover for physician's services, nursing and hospital expense, and *in the case of both women and men, such person, or the appropriate administrator, may recover the value of services and support as spouse or parent,* or both, as the case may be, in such sum as the jury deems proper; provided, however, recovery for these elements of damage may not be had by the *spouse and children,* as such, of any *person* who, or whose administrator, is entitled to recover same."

For convenience and brevity the amendatory provisions are denoted by emphasis supplied.

Prior to this last statutory change the measure of damage for wrongful death of a man was the present worth or value of the estate he could reasonably be expected to have accumulated from date of death to the end of his natural lifetime had he lived, enlarged to include damages for the death, plus interest on funeral expenses. Wendelin v. Russell, 259 Iowa 1152, 1157, 147 N.W.2d 188, 191, and Fitzgerald v. Hale, 247 Iowa 1194, 1196–1205, 78 N.W.2d 509.

For the wrongful death of a woman the same standard applied with additional right of recovery for the present value of her *services* as a wife or mother or both.

■ The law, as amended by the Sixty-first General Assembly, served to provide the same measure of damages for wrongful or negligent injury or death of a man or woman, once more expanded to include present worth or the value of their respective *services and support as a spouse or parent or both.*

For an informative discussion of the subject see the articles in 15 Drake L. Rev. 107; 5 Drake L. Rev. 98; 48 Iowa L. Rev. 666; and 39 Iowa L. Rev. 494.

In connection with wrongful or negligent death of any person section 336, chapter 326, Laws of the Sixtieth General Assembly, now identified as section 633.336, Code, 1966, provides: "When a wrongful act produces death, damages recovered therefor shall be disposed of as personal property belonging to the estate of the deceased, but if the deceased leaves a spouse, child, or parent, it shall not be liable for the payment of debts of the estate, *except debts and charges of the first, second, third and fifth classes.*" These italicized words were added by the Sixty-first General Assembly, section 25, chapter 432.

This is in substance a recodification of section 635.9, Code, 1962, with limited exceptions added.

Furthermore our survival Acts, Code sections 611.20 and 611.22 remain and are in full effect.

II. The subject amendment contains no specific provision as to the time of applicability. The issue presented in that re-

gard is whether, under existing circumstances, it operates retrospectively.

In Schultz v. Gosselink, 260 Iowa 115, 117, 118, 148 N.W.2d 434, 435, 436, we said: "The question whether a statute operates retrospectively or prospectively only is one of legislative intent. [Authorities cited.] In determining such intent it is a general rule all statutes are to be construed as having a prospective operation only unless the purpose and intent of the legislature to give it retroactive effect is clearly expressed in the Act or necessarily implied therefrom. The rule is subject to an exception where the statute relates to remedies and modes of procedure. If a statute relates to a substantive right, it ordinarily applies prospectively only. If it relates to remedy or procedure, it ordinarily applies both prospectively and retrospectively [authorities cited]."

Also, Schultz v. Gosselink, supra, loc. cit. 119 of 260 Iowa, 148 N.W.2d 436, quotes from State v. Birmingham, 96 Ariz. 109, 110, 392 P.2d 775, 776: "Uniformly, the substantive law is that part of the law which creates, defines· and regulates rights; whereas the adjective, remedial or procedural law is that which prescribes the method of enforcing the right *or obtaining redress for its invasion.* It is often said the adjective law pertains to and prescribes the practice, method, procedure or legal machinery by which the substantive law is enforced or made effective." (Emphasis supplied.)

Black's Law Dictionary, Fourth Ed., page 1457, says a remedial statute is: "One that intends to afford a private remedy to a person injured by the wrongful act. That is *designed to correct an existing law, redress an existing grievance,* * * *.

"A statute giving a party a mode of remedy for a wrong, where he had none, or a different one, before. * * *

"A remedial statute is one which not only remedies defects in the common law but defects in civil jurisprudence generally." (Emphasis supplied.)

And as stated in 50 Am. Jur., Statutes, section 482, page 506: "* * * a statute or amendment which furnishes a new

remedy, but does not impair or affect any contractual obligations or disturb any vested rights, is applicable to proceedings begun after its passage, though relating to acts done previously thereto." See also 82 C. J. S., Statutes, section 416, page 992.

 Furthermore legislation providing the means or method whereby causes of action may be effectuated, wrongs be redressed and relief obtained is remedial. See Blakeley v. Estate of Shortal, 236 Iowa 787, 790, 791, 20 N.W.2d 28; De Monbrun v. Sheet Metal Workers Internat'l Assn., 140 Cal. App.2d 546, 295 P.2d 881, 887; Foster v. Humburg, 180 Kan. 64, 299 P.2d 46, 50; Giloti v. Hamm-Singer Corp., Mo., 396 S.W.2d 711, 713, 714; and 1 Am. Jur.2d, Actions, section 2, page 541, and section 46, page 578.

 III. In the same vein this court has on several occasions held the measure of damages for a tortious wrong pertains to remedy rather than substantive law. Fabricius v. Horgen, 257 Iowa 268, 274, 132 N.W.2d 410; Cardamon v. Iowa Lutheran Hospital, 256 Iowa 506, 516, 128 N.W.2d 226; Armbruster v. The Chicago, R.I. & P.R. Co., 166 Iowa 155, 163, 164, 147 N.W. 337; Dorr Cattle Co. v. Des Moines National Bank, 127 Iowa 153, 161–168, 98 N.W. 918, 4 Ann. Cas. 519; and 22 Am.Jur.2d, Damages, section 3, page 15. But see 50 Iowa Law Review 886, 1237; 49 Iowa Law Review 934.

It remains we are committed to the rule that damages are essentially a part of the remedy.

IV. In the field of jurisprudence, the term "right" connotes the capacity of asserting a legally enforceable claim.

 As previously indicated substantive rights are those existing for their own sake, constituting the normal legal order of society, that is, the rights of life, liberty, property and reputation. On the other hand remedial rights arise for the purpose of protecting or enforcing substantive rights. Restatement, Conflict of Laws, section 42(b), and Black's Law Dictionary, Fourth Ed., pages 1598 and 1486, 1487.

One of the indispensable qualities of a legal right is certainty the state will recognize its existence and aid in its enforcement. If the person asserting a claim can say with certainty

it will be not only recognized but rendered effective by the courts, he has a legal right. Otherwise his claim remains what may best be described as an inchoate right with no remedy provided. See In re Estate of Gogabashvele, 195 Cal. App.2d 503, 16 Cal. Rptr. 77, 90, 91, and 77 C. J. S., Right, page 390.

With little or no question a spouse and children often suffer loss of services and support, and are accordingly damaged by the injury or death of the other spouse or parent. However no remedy was provided in this direction until the 1941 amendment allowing a husband and children right of recovery for loss of services of a wife or mother or both. Chapter 297, Laws of the Forty-ninth General Assembly.

As a result a damaged wife or children or both had an inchoate right only with no remedy provided for injury or death of husband or father until it was supplied by the 1965 session of the legislature. Then, realizing the apparent imbalance created by the 1941 Act, the lawmaking body enacted the amendment with which we are here concerned.

██ A permissible remedy was thus provided for a recognized wrong. This must logically follow since no legislature can by mere fiat provide a remedy where no wrong has been done and no damage in fact has been sustained. See 22 Am. Jur.2d, Damages, section 2, page 14.

V. Pursuing the matter of legislative intent one more step the preamble to chapter 427, Laws of the Sixty-first General Assembly, provides it is: "AN ACT to equalize the measure of damages for wrongful or negligent injury or death."

██ This in the first place demonstrates an intention to provide a remedy for recognized preexisting wrongs where redress had not been previously accorded. See Graham v. Worthington, 259 Iowa 845, 861, 146 N.W.2d 626, 637.

It also inferentially refers to an existing condition in need of correction lending support to the view the lawmaking body intended the Act to apply retrospectively. In this regard see Galusha v. Wendt, 114 Iowa 597, 602, 603, 87 N.W. 512.

Since the law as it stood prior to this last amendment failed to make effective the right of a wife or children or both to re-

cover for loss of services or support resulting from the tortious injury or death of a husband or father or both, the legislature acted to make it a legal and effective right—to provide a remedy.

As this court said in State v. Bishop, 257 Iowa 336, 340, 132 N.W.2d 455: "It is proper for us to consider the subject matter of the statute as stated by the legislature in determining the proper construction of a statute. Fabricius v. Montgomery Elevator Co., 254 Iowa 1319, 1321, 121 N.W.2d 361, 93 A.L.R.2d 591. And to consider the evil sought to be remedied and the object and purposes sought to be obtained by it. Center Township School District v. Oakland Independent School District, 253 Iowa 391, 398, 112 N.W.2d 665."

See also Appleby v. Farmers State Bank of Dows, 244 Iowa 288, 294–296, 56 N.W.2d 917, and Haskel v. City of Burlington, 30 Iowa 232, 233, 234.

Here the evil to be remedied was an apparent inequality in the measure of damages for wrongful injury or death of a woman and those attendant upon the injury or death of a man.

Under the circumstances we conclude the General Assembly did not mean the 1965 amendment to operate prospectively alone, but that it be applied both prospectively and retroactively.

The provisions of chapter 427, Laws of the Sixty-first General Assembly, are applicable to the case at hand and the trial court erred in holding to the contrary.

VI. However it is to us evident this Act does not afford a remedy for loss of services or support of a spouse where there is none surviving.

The legislative intent was to provide a remedy for loss of services or support of a spouse but if there be no spouse living there can be no such loss.

Touching on that point this court said in Lampe v. Lagomarcino-Grupe Co., 251 Iowa 204, 208, 100 N.W.2d 1: "* * * we are committed to the rule that a wife has a cause of action against one who has wrongfully or negligently so injured her husband as to deprive her of his consortium. It is clear, too, from a reading of the authorities, that the damages must stop when death occurs. In this case, plaintiff's husband survived the

collision only a few minutes. This, then poses the question, did plaintiff prove damages were sustained by her in any amount capable of calculation? We hold she did not, * * *."

· In addition there can be no damages without injury and while in this jurisdiction they are recoverable for tortious death by the administrator of decedent's estate, Code sections 611.20, 611.22 and 633.336, it still remains there can be no recovery on behalf of or for a nonexistent person.

To hold otherwise would in effect serve to allow double recovery in some instances. For example, recovery for loss of services or support on behalf of a deceased spouse with children surviving could result in the same children on one hand having the benefit of damages for loss of support and on the other receiving the amount by inheritance obtained in behalf of their deceased parent or parents.

There is no need to pursue this matter further.

The trial court correctly held plaintiffs-administrators cannot have the benefit of recovery for loss of services or support of a spouse where, as here, the death of both husband and wife occurred simultaneously.

VII. We reverse and remand for entry of an order in keeping herewith as to the right of plaintiffs-administrators to introduce evidence and recover for loss of services and support of decedents as parents.

However, we affirm the adjudication by the trial court that there can be no evidence introduced or recovery had for loss by one spouse of services and support of the other in the event of instantaneous death of both.—Reversed in part, affirmed in part and remanded.

All JUSTICES concur except THORNTON, J., not sitting.