**ANTI–ADMINISTRATION ASSOCIATION and Lloyd Pleggenkuhle, Appellants,**

v.

**NORTH FAYETTE COUNTY COMMUNITY SCHOOL DISTRICT and Board of Education of North Fayette County Community School District, Appellees.**

No. 55482.

Supreme Court of Iowa.

April 25, 1973.

R. L. Donohue, West Union, for appellants.

Miller, Pearson & Gloe, Decorah, and C. W. Antes, West Union, for appellees.

Heard before MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

This action against a school district involves the effect of claimed violations of the open meetings law. The trial court determined the claimed violations to be of no effect in this proceeding. We affirm.

Seven persons opposed to the operation of the North Fayette County Community School District organized an unincorporated association. That association, joined by a taxpayer of the district as co-plaintiff, challenged certain proceedings of the defendant school on the claim they were conducted privately in violation of chapter 28A, The Code. The association was dismissed as a party plaintiff for its failure to meet the requirements for a class action. The taxpayer continued alone.

Chapter 28A, The Code, provides the meetings of all public agencies, including school boards, shall be public unless a closed meeting is expressly permitted by law. The agency is required to give advance public notice of such meeting and every Iowa citizen is accorded the statutory right to be present. Section 28A.3 provides exceptions. It accords the agency the power to hold a closed·session " * * * by affirmative vote of two-thirds (⅔) of its members present, when necessary to prevent irreparable and needless injury to the reputation of an individual whose employment or discharge is under consideration, or to prevent premature disclosure of information on real estate proposed to be purchased, or for some other exceptional reason so compelling as to override the general public policy in favor of public meetings. * * * Any final action on any matter shall be taken in a public meeting and not in closed session, unless some other provision of the Code expressly permits such action to be taken in a closed session. No regular or general practice or pattern of holding closed sessions shall be permitted." Mandamus or injunction is available to enforce the provisions of the chapter. A violation is punishable by a fine.

There was spirited public interest in the activities of defendant board during the spring of 1971. Plaintiff's counsel, R. L. Donohue, attended board meetings accompanied by a group the trial court referred to as "his supporters." This group desired to participate as citizens and taxpayers in conducting administrative affairs of the school. Mr. Donohue described the purpose of his group in addressing the defendant board at a public special meeting: "Now that is the issue we are talking about, and it is throughout Iowa. You cannot let a superintendent run the whole

show gentlemen, and that is the issue that we are all talking about."

Defendant board held a regular meeting March 15, 1971. The agenda, prepared in advance, included a consideration of the contracts to be offered teachers for the ensuing year. Contracts to be offered the four principals and the superintendent were to be separately considered. At a meeting the prior March 4th the board members had been alerted to the provisions of the open meetings law and to the terms of section 279.13, The Code (continuation or termination of teacher contracts).

The March 15 meeting was attended by Mr. Donohue and his group. After a brief public session the board adjourned to a closed executive session for the announced purpose of " * * * discussing or evaluating certain personalities of teachers on the staff, one in particular and also to discuss evaluation of the principals and salaries for the principals for the coming year." The board voted unanimously to go into executive session for that purpose. The superintendent first stated to the public gathering he would recommend offering contracts to all teachers and administrators at increased salaries according to a written schedule he had prepared for the board.

Following the closed session the board reconvened in public and authorized the offer of all contracts according to the schedule. Contracts for teachers and administrators were mailed the following Saturday and called for acceptance by April 16. The superintendent was offered a three year contract, also with a raise in pay.

Within a few days Mr. Donohue filed on behalf of the anti-administration group a separate action against the board. That suit, which was later dismissed, precipitated a stormy special meeting of the board March 29. Counsel were hired to represent the board in spite of a protest by Mr. Donohue who stated he protested as a taxpayer to the hiring of counsel. At the special meeting demand was made upon the board to act upon the contracts of teachers and administrators at public meetings pursuant to the open meetings law. On March 31 this suit was commenced seeking a temporary and permanent injunction restraining the defendants from issuing, offering or accepting contracts of the teachers and administrators. The petition was amended April 1 to also demand a writ of mandamus requiring defendants to act on the contracts at a public meeting. It further asked that the board be restrained from future violations of the open meetings law.

The contracts for various teachers and administrators including the superintendent were returned and finally accepted by the board at the regular meeting April 16, 1971.

■ I. Plaintiff urges the contract discussed at the closed session should be declared invalid even though later approved by action taken in the public session. It is claimed the action of the board in discussing the contracts in closed session was in violation of the open meetings law and requires a voiding of the product of the closed session. The trial court found no actual violation of the open meetings law although it did concede the board had been somewhat careless in adhering to it. We needn't make a determination as to whether an actual violation occurred because the request to void the contracts must be rejected on another ground.

We have previously held chapter 28A " * * * cannot be reasonably interpreted as providing violation of the provisions thereof render the actions of the public body void or voidable. If the legislature so desired the act could have been easily written to so provide." Dobrovolny v. Reinhardt, Iowa, 173 N.W.2d 837, 841. See Annot., 38 A.L.R.3d 1070. The trial court was right in refusing to declare the contracts void or voidable.

■ II. Plaintiff assigns as separate error the trial court's refusal to grant a

permanent injunction preventing future closed meetings by the board. The trial court noted there were no violations of the chapter after the meeting of April 15, 1971. The ruling continues: "The court has clearly indicated by prior rulings what the School Board should do in reference to the Open Meeting Laws, and the Court *is sure that no violations will take place in the future;* however, should a violation occur, the Court would always be open for injunctive or mandamus relief, as provided in said Chapter." (Emphasis added)

We agree. "Injunctions are governed by rules 320 to 330, Rules of Civil Procedure. See also chapter 664, Code, 1966. Rights already lost and wrongs already committed are not subject to injunctive relief, *especially when there is no showing the wrong will be repeated.* (Authorities)." (Emphasis added) Dobrovonly v. Reinhardt, supra, 173 N.W.2d at 841. We agree there was no showing any wrong would be repeated. Accordingly a permanent injunction should not have been granted.

■ III. Plaintiff urges the trial court erred in refusing to hold defendants' counsel had been illegally hired. The board has a statutory right to hire counsel. Section 279.35, The Code, provides: "In all cases where actions may be instituted by or against any school officer to enforce any provision of law, the board may employ counsel, for which the school corporation shall be liable." Defendants' counsel were hired at a special meeting called for the purpose. All board members attended. If there was any irregularity in the notice given of this meeting it was cured by section 279.2, The Code, which provides: " * * * but attendance shall be a waiver of notice."

We have examined plaintiff's other assignments and find them without merit. To discuss them individually would unduly extend this opinion without changing the result.

Affirmed.

Hedo M. Zacherle and Lee H. Gaudineer, Des Moines, for complainant.

William L. Kutmus and Clark L. Holmes, Des Moines, for respondent.