**Allen Paul LENERTZ et al., Appellants,**

**v.**

**MUNICIPAL COURT OF the CITY OF DAVENPORT, Iowa, Honorable Jack F. Broderick, Judge, Appellee.**

**No. 55851.**

Supreme Court of Iowa.

June 26, 1974.

Lee Gaudineer, Jr., Des Moines, and Stephen L. Schalk, Davenport, for appellants.

Richard C. Turner, Atty. Gen., and Douglas R. Carlson, Asst. Atty. Gen., for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and McCORMICK, JJ.

MOORE, Chief Justice.

This is an original action in certiorari to review ruling of respondent-judge overruling petitioners' demurrer which asserted Code section 713.24(2b) includes no penal provision. We sustain the writ and remand for order sustaining the joint demurrer.

The petitioners, Allen Paul Lenertz, Elaine Anne Barthelemy, J. Peter Barthelemy, Lawrence George Prossen, James Allen Rehder, Richard Koenig and Kenneth Langer, were individually charged in Davenport Municipal Court with consumer fraud in violation of section 713.24(2b), The Code, 1971. It remains unchanged and provides:

> "The advertisement for sale, lease or rent, or the actual sale, lease, or rental of any merchandise at a price or with a rebate or payment or other consideration, to the purchaser which is contingent upon the procurement of prospective customers provided by the purchaser, or the procurement of sales, leases, or rentals to persons suggested by the

purchaser, is declared to be an unlawful practice rendering any obligation incurred by the buyer in connection therewith, completely void and a nullity. The rights and obligations of any contract relating to such contingent price, rebate, or payment shall be interdependent and inseverable from the rights and obligations relating to the sale, lease, or rental."

Petitioners filed a jointly prepared demurrer to each charge alleging in substance section 713.24(2b) provides no criminal sanction and is remedial only. The State's denial included the assertion the penalty is fixed by Code sections 687.6 and 687.7.

Section 687.6 provides:

"When the performance of any act is prohibited by any statute, and no penalty for the violation of such statute is imposed, the doing of such act is a misdemeanor."

Section 687.7 provides:

"Every person who is convicted of a misdemeanor, the punishment of which is not otherwise prescribed by any statute of this state, shall be punished by imprisonment in the county jail not more than one year, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment."

Respondent-judge overruled the demurrer. On petitioners' joint application, claiming respondent-judge acted illegally, we ordered review by this certiorari proceeding.

Petitioners' brief relies on the following assigned errors for reversal:

"1. There are no criminal penalties for a violation of Section 713.24, Code of Iowa, and in particular, Section 713.24(2b).

"2. Sections 687.6 and 687.7, Code of Iowa, do not apply to a violation of Section 713.24, Code of Iowa.

"3. Section 713.24, Code of Iowa, is ambiguous as to the attachment of any criminal penalties for a violation thereof, and all doubts thereto must be resolved in favor of the accused.

"4. Section 713.24, and in particular Section 713.24(2b), Code of Iowa, or any other law prohibiting an act, that does not contain a criminal penalty or language that fairly apprises an individual that his violation thereof is a crime under Section 687.6, Code of Iowa is valid; Section 687.6 in such instances is therefore void, as being in violation of Section 9, Article I, Constitution of the State of Iowa and the Fifth and Fourteenth Amendments of the Constitution of the United States."

I. Petitioners-appellants' first two assignments relate to the only grounds pleaded in their demurrer. They made no mention of any state or federal constitutional problems in the demurrer. We therefore will not consider such problems. The rule is well established that in certiorari actions we will not review questions not presented to the so-called inferior tribunal (see rule 306, Rules of Civil Procedure). Sound Storm Ent., Inc. v. Keefe, In and For Fayette Cty., Iowa, 209 N.W.2d 560, 565; Newby v. Woodbury County District Court, 259 Iowa 1330, 1341, 1342, 147 N.W.2d 886, 893; O'Connor v. Youngblade, 250 Iowa 808, 814, 96 N.W.2d 457, 461, and citations.

II. In State ex rel Turner v. Koscot Interplanetary, Inc., Iowa, 191 N.W.2d 624, we determined the constitutionality of section 713.24(2b) as related to its remedial provisions. We affirmed the lower court's injunction against Koscot. The question of any penal provision was not involved.

Therefore we are now asked to decide the question—Can section 713.24(2b) be interpreted as a criminal statute?

In construing a statute—particularly when it is before us for the first time—we must seek out and give effect to the in-

tention of the legislature from the language used and the purpose for which the law was enacted. Rule 344(f)(13), R.C.P; In re Estate of DeVries, Iowa, 203 N.W.2d 308, 310 and citations.

Several other rules of statutory construction are well established including the rule, *expressio unius est exclusio alterius,* the express mention of one thing implies the exclusion of others. In re Estate of Wilson, Iowa, 202 N.W.2d 41, 44; Richardson v. City of Jefferson, 257 Iowa 709, 715, 134 N.W.2d 528, 532, and citations; 82 C.J.S. Statutes § 333; 73 Am.Jur.2d, Statutes, section 211.

The activities described in section 713.24(2a) are simply declared "unlawful practices." Section 713.24(2c) makes "unlawful" the activities therein described. Unlike section 713.24(2b) neither 2a nor 2c attempt to prescribe specific remedial action as does section 713.24(2b). Section 713.24(2b) declares obligations incurred in violation of that section to be null and void —a civil sanction.

■ Application of the rule *expressio unius est exclusio alterius* leads us to conclude from the language used in section 713.24(2b) the legislature did not intend to make violation of that section a crime.

III. Support of our conclusion is found by a legislative history review. The substance of section 713.24(2b) was included in House File 561, 61st General Assembly. It included: "Any person in violation of subsection two (2) of section one (1) of this Act shall be fined not more than five hundred (500) dollars or be imprisoned in the county jail not more than one (1) year, or both such fine and imprisonment." When the bill went to the Senate, the penalty clause was deleted. The House concurred in the amendment and the bill was approved by the Governor.

■ We may resort to legislative journals for the legislative history of a statute of doubtful meaning. The striking of a provision is an indication the statute

should not, in effect, be construed to include it. Davenport Water Co. v. Iowa State Commerce Comn., Iowa, 190 N.W.2d 583, 595; Builders Land Co. v. Martens, 255, Iowa 231, 235, 236, 122 N.W.2d 189, 191; Lever Brothers Co. v. Erbe, 249 Iowa 454, 462, 463, 87 N.W.2d 469 and citations. See also 73 Am.Jur.2d, Statutes, section 171.

■ IV. Respondent-appellee argues legislative history supports a conclusion the legislature intended the provisions of section 713.24 would apply criminally with penalty under the provisions of sections 687.6 and 687.7. They rely on what is now section 713.24(4b). It provides:

"No information or evidence provided the attorney general by a person pursuant to subsections 3 and 4 of this section shall be admitted in evidence, or used in any manner whatsoever, in any criminal prosecution. If a criminal prosecution under the provisions of this section is initiated in a state court against a person who has provided information pursuant to subsections 3 and 4 of this section, the state shall have the burden of proof that the information so provided was not used in any manner to further the criminal investigation or prosecution."

Respondent-appellee contends the legislature would not have provided criminal immunity in section 713.24(4b) unless criminal prosecutions could be brought under section 713.24. Appellee loses sight of the fact that some of the subsections such as (2a) and (2c) may be interpreted as being both remedial and penal in nature. Subsection (2b), as we hold in division II, is not to be so construed. We are unable to agree with the appellee's contention grant of immunity under subsection (4b) indicates a legislative intent to make subsection (2b) a criminal statute.

We hold respondent-judge acted illegally in overruling the joint demurrer.

Writ sustained. Case remanded for order sustaining the joint demurrer.