**WALKER STATE BANK, Walker, Iowa, Appellant,**

v.

**C. L. CHIPOKAS, Appellee.**

No. 2–56604.

Supreme Court of Iowa.

April 16, 1975.

Keyes & Crawford, Cedar Rapids, for appellant.

Wadsworth, Elderkin, Pirnie & Von Lackum, Cedar Rapids, for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

LeGRAND, Justice.

Prior to July 1, 1973, a plaintiff's failure to file his petition at the time stated in an original notice subjected him to the risk of having the case dismissed under Rule 55, Rules of Civil Procedure, which then provided as follows:

"If the petition is not filed as stated in the original notice served, any defendant may have the case dismissed as to him, without notice, at plaintiff's cost; and may docket it for this purpose by filing his copy of the original notice, if need be."

We held on several occasions a dismissal under this rule was on the merits and was *with prejudice*. Prine v. Hovick, 176 N.W.2d 183, 185 (Iowa 1970); George v. Gander, 154 N.W.2d 76, 78 (Iowa 1967).

The 65th General Assembly amended Rule 55, effective July 1, 1973, by adding the following paragraph:

"Dismissals under this rule shall be *without prejudice*, but if the plaintiff has previously dismissed an action against the same defendant in any court of any state or of the United States, including or based on the same cause, such dismissal shall operate as an adjudication against him on the merits unless otherwise ordered by the court in the interest of justice." (Emphasis added.)

We must now decide the effect of the 1973 change in Rule 55, when, as here, the original notice was served *prior* to, and the failure to comply with the rule occurred *after,* the effective date of that amendment.

The facts are as follows: On June 22, 1973, plaintiff served an original notice on defendant asking judgment on three promissory notes. The original notice stated that "the petition of the above-named plaintiff * * * will be on file on or before July 1, 1973, in the office of the clerk of the [Linn County District] court." The petition was not filed on that date, and on July 6, 1973, defendant filed a motion asking that the case be dismissed under Rule 55. The trial court ordered the case dismissed with prejudice. A later application asking modification of the order to make the dismissal operate without prejudice was denied.

Although the order dismissing the action did not state any ground other than a refer-

ence to the rule itself, the ruling on the motion to modify set out the following basis for the previous order:

> "The Court finds that July 1, 1973 was a Sunday and that the Linn County Courthouse and the Clerk of Court's offices were closed Saturday, June 30th, and Sunday, July 1st, and in fact had been closed the preceding Saturday, June 23rd, and Sunday, June 24th, as they are on every Saturday and Sunday, and that that fact was well known to the attorney for the plaintiff.

> "The Court finds that the plaintiff could not have filed the petition in this case on July 1st, nor could he have filed it on July 2nd or thereafter because the rule pertaining to 'the next business day' does not apply in such a case as this, and it is therefore apparent that the only time the petition referred to could have been filed to be effective would have been June 25th, 26th, 27th, 28th or 29th, all dates which are prior to the alleged effective date of the amended Rule 55.

> "The Court further finds that the action was started by the service of the original notice on June 22, 1973 and the case was then pending as of July 1, 1973 and the change of Rule 55 is not applicable to pending cases; it is not retroactive and the rule in effect at the time the action was started is the rule to be applied by the Court, whatever date the dismissal order was entered. * * * "

■ We disagree on both grounds relied on by the trial court. We doubt if retroactivity is involved at all, a matter we discuss later; and we see no reason why defendant's right to a dismissal should be governed by the rule existing when the original notice was served. On the contrary, the rule in effect when his right to a dismissal first arose should control.

■ Treating this last matter first, we cannot accept the trial court's rationale that plaintiff was really in violation of the rule for failure to file his petition on June 29 (rather than July 1, as his notice stated) because the courthouse was closed over the holiday weekend. Plaintiff had until the close of July 1 to file his petition. A motion to dismiss prior to that time would have been premature. We are not dealing with a motion asking dismissal for a default which happened prior to the effective date of the amendment. Here the failure to meet the terms of the original notice occurred after the amendment became law, albeit on the same day.

We believe this alone would entitle plaintiff to prevail, but since the trial court also held the new rule could not be given retroactive effect, we discuss that issue too.

■ A retroactive (or retrospective) law is one which "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past." Black's Law Dictionary, (4th Rev.Ed. 1968), page 1480.

■ Whether a statute (and the rules of civil procedure have the effect of statutory enactments) operates prospectively only or both prospectively and retrospectively is a matter of legislative intent. The general rule is that it operates prospectively only unless it clearly appears the legislature intended the law to have retrospective effect. However, we recognize an exception to this rule when dealing with matters which are procedural rather than substantive. See Schnebly v. St. Joseph's Mercy Hospital of Dubuque, 166 N.W.2d 780, 782 (Iowa 1969). Rule 55, of course, deals solely with procedural or remedial matters, not with substantive rights, and comes within the general exception. See Schmitt v. Jenkins Truck Line, Inc., 260 Iowa 556, 560, 149 N.W.2d 789, 791 (1967); Schultz v. Gosselink, 260 Iowa 115, 119, 148 N.W.2d 434, 436 (Iowa 1967).

Furthermore, we believe the legislature expressed approval of that rule of construction when the Rules of Civil Procedure were originally adopted in 1943. At that time Rule 1 stated in part:

"(a) Applicability. These Rules shall govern the practice and procedure in all courts of the state, except where they expressly provide otherwise, or statutes not affected hereby provide different procedure in particular courts or cases.

"(b) Effective Date. These Rules will take effect on July 4, 1943. They govern all proceedings in actions brought after they take effect, and also further proceedings in actions then pending, except to the extent that in the opinion of the court in which the action is pending their application in a particular action pending when the Rules take effect would not be feasible, or would work injustice, in which event the former procedure applies. * * * "

Although subdivision (b) of the rule has long since disappeared because there is no longer any reason to continue it in force, the policy there announced is still persuasive. For additional case authority supporting our conclusion see Schnebly v. St. Joseph's Mercy Hospital of Dubuque, supra, 166 N.W.2d at 782–783; Bascom v. District Court, 231 Iowa 360, 362–365, 1 N.W.2d 220, 221 (1941); Appleby v. Farmers State Bank of Dows, 244 Iowa 288, 291–295, 56 N.W.2d 917, 919–922 (1953); Galusha v. Wendt, 114 Iowa 597, 602, 603, 87 N.W. 512, 514 (1901); Newgirg v. Black, 174 Iowa 636, 643, 156 N.W.2d 708, 710 (1916).

For the reasons stated, we reverse the trial court and remand this case for entry of an order consistent herewith.

Reversed and remanded with instructions.