STATE of Iowa ex rel. Richard C. TURN-
ER, Attorney General, Appellee,

v.

Ray E. LIMBRECHT et al., Appellants.

No. 2–57376.

Supreme Court of Iowa.

Oct. 20, 1976.

Upton B. Kepford, Waterloo, for appellants.

Julian B. Garrett, Des Moines, for appellee.

Heard before REYNOLDSON, Acting Chief Justice, and MASON, LeGRAND, UHLENHOPP and HARRIS, JJ.

HARRIS, Justice.

The attorney general brought this action January 31, 1972 under the consumer frauds act, § 713.24, The Code, seeking an injunction and restoration of monies. Among the defendants was Ray E. Limbrecht (Limbrecht) who, before July 4, 1965, the effective date of § 713.24, sold and transferred all his interest in the businesses which were the subject of this controversy. Limbrecht filed a motion for separate adjudication of law points under rule 105, Rules of Civil Procedure, claiming the provisions of § 713.24 could not be applied retrospectively. His motion was overruled and we thereafter granted permission to bring this interlocutory appeal. We affirm the trial court.

The attorney general's petition alleges Limbrecht and several other defendants made representations in connection with cemetery merchandise and services. The representations are said to have indicated to prospective buyers that defendants would set aside a fund sufficient to pay for merchandise and funeral services at the time of the buyers' (or contract holders') deaths. The petition alleges defendants had no intention of complying or performing said promises, the representations were material and false, and were made with intent others rely upon them. It is alleged many persons did in fact rely on and were damaged by defendants' misrepresentations.

The petition seeks a permanent injunction restraining defendants from making false representations of the type alleged and seeking restoration of any monies lost as a result of the misrepresentations. The petition states the remedies sought are pursuant to authority given in § 713.24.

There is no dispute that Limbrecht sold and transferred all his interest in the businesses before July 4, 1965, the effective date of § 713.24. Limbrecht did not there-

after operate or participate in the involved businesses.

Limbrecht's motion for separate adjudication of law points sought determination of the following: (1) whether § 713.24 is to be applied retrospectively to acts or practices occurring prior to the effective date of the enactment, (2) whether application of the section to acts prior to its effective date would be unconstitutional and in violation of Art. I, §§ 6, 9, and 21 of the Iowa Constitution or the Fifth and Fourteenth Amendments of the United States Constitution, and (3) whether the attorney general of Iowa has authority to bring this action with respect to acts and practices occurring prior to July 4, 1965.

The trial court held § 713.24 was retrospective, a retrospective interpretation was not unconstitutional and the attorney general had authority to bring the action with respect to transactions occurring prior to July 4, 1965.

■ I. When a statute is newly enacted it may be applied prospectively only or it may be applied both prospectively and retrospectively. Legislative intent determines which of these two applications is to be given. *Walker State Bank v. Chipokas,* 228 N.W.2d 49, 51 (Iowa 1975); *Barad v. Jefferson County,* 178 N.W.2d 376, 378 (Iowa 1970); *Schnebly v. St. Joseph Mercy Hospital of Dubuque,* 166 N.W.2d 780, 782 (Iowa 1969). In determining such intent, " * * [the] general rule is that [a statute] operates prospectively only unless it clearly appears the legislature intended the law to have retrospective effect. * * *." *Walker,* supra, at 51; *City of Monticello v. Adams,* 200 N.W.2d 522, 525 (Iowa 1972); *Schnebly,* supra, at 782. This basic rule is however not without exceptions.

" * * * The rule is subject to an exception where the statute relates solely to remedy or procedure. If a statute relates to a substantive right, it ordinarily applies prospectively only. If it relates to remedy or procedure, it ordinarily applies both prospectively and retroactively. (Authorities)." *Schnebly,* supra, 166 N.W.2d at 782. *Schultz v. Gosselink,* 260 Iowa 115, 148

N.W.2d 434 (Iowa 1967); *Schmitt v. Jenkins Truck Lines, Inc.,* 260 Iowa 556, 149 N.W.2d 789 (Iowa 1967). See also *Walker,* supra, at 51. On the subject of prospectiveness and retrospectiveness generally see 82 C.J.S. Statutes §§ 414–417, pp. 981–995; 73 Am. Jur.2d, Statutes, §§ 347–359, pp. 485–492; II Sutherland Statutory Construction (Sands), Retroactive Legislation, § 41.04, pp. 252–259.

■ In view of the foregoing the question becomes whether § 713.24 affects substantive rights or is simply procedural or remedial in nature. Such a classification controls which presumption, prospective or retrospective, shall be indulged.

■ Substantive law is " * * * that part of the law which creates, defines, and regulates rights." *Schmitt v. Jenkins Truck Lines, Inc.,* 260 Iowa 556, 560, 149 N.W.2d 789, 791 (1967); *Schultz,* supra, 260 Iowa at 118, 148 N.W.2d at 436. Procedural law is " * * * the practice, method, procedure, or legal machinery by which the substantive law is enforced or made effective." *Schmitt,* supra, 260 Iowa at 560, 149 N.W.2d at 791; *Schultz,* supra, 260 Iowa at 118, 148 N.W.2d at 436. In *Schmitt* we adopted the definition of a remedial statute as contained in Black's Law Dictionary, Fourth Ed., p. 1457:

"One that intends to afford a private remedy to a person injured by the wrongful act. That is *designed to correct an existing law, redress an existing grievance,* * *.

" 'A statute giving a party a mode of remedy for a wrong, where he had none, or a different one, before. * * *.

" 'A remedial statute is one which not only remedies defects in the common law but defects in civil jurisprudence generally.' " (Emphasis in *Schmitt.*) 260 Iowa at 560, 149 N.W.2d at 791. See generally 82 C.J.S. Statutes §§ 416, 417, pp. 992–995; 73 Am.Jur.2d, Statutes, § 354, pp. 489–490; II Sutherland Statutory Construction (Sands), Retroactive Legislation, § 41.06, pp. 268–274, § 41.09, pp. 280–286.

■ We may lay aside as incidental the fact that § 713.24 also includes penal sanctions. *State ex rel. Turner v. Koscot Interplanetary, Inc.,* 191 N.W.2d 624 (Iowa 1971); *Lenertz v. Municipal Court of City of Davenport,* 219 N.W.2d 513 (Iowa 1974).[1]

■ We believe the civil provisions of the section are plainly remedial and not substantive. It is clear the defrauded parties could themselves have brought a common law fraud action under the pleaded facts. *Commercial Savings Bank of Carroll v. Kietges, et al.,* 206 Iowa 90, 219 N.W. 44 (1928); *Faust v. Parker, et al.,* 204 Iowa 297, 213 N.W. 794 (1927). These authorities indicate reliance and damages were among the necessary elements for recovery in a common law fraud action.

In seeking remedial application of the section the attorney general has alleged reliance and damages to the defrauded parties. We think these allegations were rightly and necessarily included. Limbrecht on the other hand argues there is no requirement under the statute for a showing of reliance or damages and the absence creates a new concept in actionable fraud.

It is true § 713.24(2)(a), in defining unlawful frauds, does not specify reliance and damages. But that definition, with its omission, does not reach the description of when injunction or restoration is appropriate. In order to prevail the attorney general was still required to allege and prove reliance and damages. Accordingly we find no difference between the actionable fraud alleged by the attorney general and the common law action for fraud available to injured parties on an individual basis prior to the advent of § 713.24.

■ We conclude § 713.24 in providing for injunction or restoration is remedial. Under our holding in *Koscot,* supra, it is therefore to be applied liberally. It follows we are to presume the section is to be applied retrospectively.

II. Deciding the statute is remedially applied and therefore deserving of a presumption of retrospectiveness is not conclusive of the underlying question whether the statute is given retrospective application. Legislative intent controls final determination. *Walker,* supra; *Schnebly,* supra. In assessing legislative intent we have said:

" * * * [F]or the purpose of determining the legislative intent as to retrospective or prospective application of a statute, [we] * * * first look at the language of the Act, second, [we] * * * consider the manifest evil to be remedied, and third, [we] * * * determine whether there was a previously existing statute governing or limiting the mischief which the new Act is intended to remedy." *Manilla Community School District v. Halverson,* 251 Iowa 496, 504–505, 101 N.W.2d 705, 710 (1960).

The actual language in § 713.24 is not conclusive of legislative intent. Some phrases of the section are argued by Limbrecht as indicating retrospective application was not intended. Other phrases are argued by the State as indicating a contrary intent. We find neither argument persuasive and believe the language of the section gives no clue.

Consideration of the evil sought to be remedied tends to strengthen the argument for retrospective application. Section 713.-24 was passed as chapter 438 of the Acts of the 61st General Assembly. The preamble of that Act states: "An Act outlawing certain consumer frauds, and providing more effective regulatory and enforcement procedures." Acts of the 61st G.A., 1965 Regular Session, ch. 438, Preamble.

■ The preamble indicates legislative awareness of actions already deemed to be consumer frauds. Addressing the existing frauds contradicts any contention the legislature was dealing only with future conduct. More importantly the language indicates the legislature intended to *improve* the regulatory and enforcement procedures

1. A penally applied statute is presumed to have only prospective application. 82 C.J.S. Statutes § 419, p. 996; Sands Sutherland Statutory Construction, Ex Post Facto Laws, §§ 42.01– 42.02, pp. 314–317. However no penal application is involved in the instant application of § 713.24. See *Koscot,* supra, and *Lenertz,* supra.

then existing. It is certainly not inferable from such language that prospective application only was intended by the legislature.

We believe the legislature intended the section to have retrospective application. See *Commonwealth v. DeCotis,* 316 N.E.2d 748 (Mass.1974).

III. Limbrecht complains retrospective application violates the Iowa and United States Constitutions. We note and approve the following:

"In the absence of an express constitutional inhibition retrospective laws are not prohibited as such. Moreover, the Constitution of the United States does not in terms prohibit the enactment by the states of retrospective laws which do not impair the obligation of contracts or partake of the character of ex post facto laws. Thus, prior to the enactment of the Fourteenth Amendment to the Federal Constitution, a retrospective law, unless falling within other constitutional inhibitions, could constitutionally operate to divest property rights. After the passage of the Fourteenth Amendment, however, the protection afforded by the due process clause was extended so as to prevent retrospective laws from divesting rights of property or vested rights generally. In many of the states there are constitutional provisions expressly prohibiting, not only the passage of any ex post facto law or law impairing the obligation of contracts, but any statute retrospective in its operation. * * *." 73 Am.Jur.2d, Statutes, § 347, pp. 485–486.

Iowa has no such constitutional prohibition.

Section 713.24, as applied in the present case, is not an ex post facto law, does not impair contracts, and does not affect any substantive rights. It violates neither the Iowa nor United States Constitutions.

IV. Limbrecht separately challenges the attorney general's authority to utilize § 713.24 retrospectively in the instant case. Without question § 713.24(7) authorizes the attorney general to bring an action for injunction and where appropriate to seek restoration whenever a person has engaged in, is engaged in, or will engage in a practice declared unlawful by the section. His authority is not limited prospectively or retrospectively and differs in no way from the prospective or retrospective application of the statute generally. The contention is without merit.

V. Limbrecht argues "the trial court erred in construing [the section] to permit the attorney general to seek restoration of monies where he fails to show grounds for injunctive relief."

Citing *Dobrovolny v. Reinhardt,* 173 N.W.2d 837, 841 (Iowa 1970) Limbrecht argues injunctions are aimed only at the future. Past wrongs are generally not proper subjects for injunctive relief, especially where there is no indication the wrong will be repeated. See also *Anti Administration Ass'n v. No. Fayette Cty. C.S.D.,* 206 N.W.2d 723, 726 (Iowa 1973). Limbrecht then argues he poses no threat of future violations and hence injunction cannot lie against him. He argues any right of restoration given under the statute is purely incidental and is only appended to the right of injunctive relief. He concludes since injunction cannot lie against him neither should the incidental right of restoration.

There are two premises to Limbrecht's final assignment: (1) injunction will not lie because his actions pose no future threat and (2) a right to restoration is dependent upon issuance of injunction. Unless both premises are valid his final assignment must fail. We need not pass on the doubtful validity of the first premise because we are convinced the second is invalid.

In passing the first premise we note where a right for injunction arises from statute the usual grounds for injunctive relief need not be established. It is sufficient to show the conditions specified in the statute. *State v. Fray,* 214 Iowa 53, 59–60, 241 N.W. 663, 666 (1932); 42 Am. Jur.2d, Injunctions, § 38, p. 776; *United States v. Beatty,* 88 F.Supp. 646, 652 (1950).

Turning to Limbrecht's second premise we do not subscribe to his belief restoration rights under the statute are incidental to and dependent upon injunctive relief. Rather we believe the provisions for injunctive relief and for restoration of monies are alternative. We think the suit for restoration can be sought alternatively and independently as well as in connection with the suit for injunction. It is a statutory remedy given the attorney general for the collective benefit of the injured parties. Defendant's final assignment is without merit.

Having found against Limbrecht on all his contentions the judgment of the trial court is

AFFIRMED.