Harold Arthur SMITH and Jeanette Rae Smith, Appellants,

v.

The Partnership of KORF, DIEHL, CLAY-TON AND CLEVERLEY; J. N. Diehl; B. C. Clayton; James W. Cleverley; and Charles G. Neighbor, as Individuals, Appellees.

No. 64094.

Supreme Court of Iowa.

Feb. 18, 1981.

Rehearing Denied March 13, 1981.

Robert H. Laden of Hyland, Laden & Pearson, P. C., Des Moines, for appellants.

Steven J. Dickinson of Belin, Harris, Helmick & Lovrien, Des Moines, for appellees.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, LARSON and SCHULTZ, JJ.

LARSON, Justice.

Harold Arthur Smith, who was formerly a deputy in Jasper County, was fired by the sheriff. The Jasper County Civil Service Commission, acting pursuant to section 341A.12, The Code 1975, found the firing was proper, and the district court affirmed on judicial review. During these proceedings Smith was represented by Charles G. Neighbor, a member of the appellee law partnership. Following his loss in the civil service proceeding and subsequent district

court review, Smith sued Neighbor and his partners, alleging negligence in the handling of his case. His wife also sued, alleging loss of consortium. A summary judgment motion filed by the partnership was sustained by the district court on the basis that the district court decision in the earlier appeal from the civil service commission conclusively established that the Smiths could not recover on a legal-malpractice case, and they were prevented from relitigating it under the principle of issue preclusion. Prior to submission of this case, this court raised a jurisdictional issue based upon the apparent lack of finality in the district court judgment. We conclude we have jurisdiction to hear the appeal, and reverse the district court.

I. *Jurisdiction.* The jurisdictional problem arose because of a counterclaim by the partnership against Smiths, for attorney fees, which was not disposed of by the summary judgment. Because of the remaining counterclaim, the judgment was not final for purposes of appeal. *Shoemaker v. City of Muscatine,* 275 N.W.2d 206, 208 (Iowa 1979), and prior to the 1980 amendment of Iowa Rule of Appellate Procedure 1, dismissal of the appeal would have been mandatory. *See Decatur-Moline v. Blink,* 283 N.W.2d 347, 349 (Iowa 1979). However, appellate rule 1 was amended by adding a new subdivision "c" which provides as follows:

> If an appeal to the supreme court is improvidently taken because the order from which appeal is taken is interlocutory, this alone shall not be ground for dismissal. The papers upon which the appeal was taken shall be regarded and acted upon as an application for interlocutory appeal under rule 2, rules of appellate procedure, as if duly presented to the supreme court at the time the appeal was taken.

The amendment became effective July 1, 1980. *See* § 684.19, The Code, and 1980 Session of the 68th General Assembly, Chapter 1209. The appellants argue that, because it is a procedural rule, it is to be given retrospective effect. The appellees

counter that the amendment was not "procedural" for purposes of applying the general rule of retrospective application and that, because all of the district court proceedings—including the notice of appeal of September 4, 1979—preceded the effective date of rule 1(c), it was inapplicable.

The general rule is that if a statute or amendment is "substantive," it will not be applied retrospectively, unless it is clearly made applicable by its terms. *Benton County, Iowa v. Wubbena,* 300 N.W.2d 168, 170 (Iowa 1981); *In re Estate of Parsons,* 272 N.W.2d 16, 17 (Iowa 1978). However, if it relates to "procedure," it is not limited to prospective application, even in the absence of clear legislative intent. *Walker State Bank v. Chipokas,* 228 N.W.2d 49, 51 (Iowa 1975) (retrospective application of Iowa R.Civ.P. 55, respecting dismissals when petition not filed according to statements under original notice). The retrospective application proscribed by the general rule is one which "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past." *Id.* (quoting Black's Law Dictionary 1480 (4th Rev. ed. 1968)); *accord,* 73 Am.Jur.2d *Statutes* § 348, at 486–87 (1974).

Notwithstanding the fact appellate rule 1(c) is facially a procedural rule, the Smiths contend it is substantive for purposes of this case because it "determine[s] the parameters of the jurisdiction of the court." We do not agree. The amendment to appellate rule 1 does not define the jurisdiction of this court; it merely establishes a method of implementing our jurisdiction, already existing, to allow interlocutory appeals.

The partnership contends that the traditional substantive-procedural distinction has been virtually abrogated by section 4.5, The Code 1979, which states "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." We note, first, that the language of section 4.5 relates to statutes, not rules of procedure. *Groesbeck v. Napier,* 275 N.W.2d 388 at 390

(Iowa 1979), which, appellees say, held section 4.5 to apply to procedural statutes as well as substantive ones, merely referred to a Minnesota case so holding, without deciding the issue. Further, section 4.5 is an enactment of section 14 of the Uniform Statutory Construction Act, as to which the drafters have said, "[i]f a procedural statute is amended, the rule is that the amendment applies to pending proceedings as well as those instituted after the amendment." 14 U.L.A. *Statutory Construction Act* § 14, Commissioners' Comment at 524 (1975). For purposes of resolving the issue of retrospective application of this amendment to rule 1, we conclude it is procedural.

Moreover, because the provision in question is not a statute, but a rule with its origin in our court, we will exercise greater latitude in interpreting and applying it in the light of policy considerations. *See* 3 Sutherland, *Statutes and Statutory Construction* § 67.10, at 237 (1974). One of the policy considerations underlying the amendment to rule 1 and a simultaneous amendment to rule 5 is to avoid the problem of appeals being aborted as premature or denied as too late, due to misapprehension as to their finality. That policy would be well served by applying the amendment in this case.

The amendment to appellate rule 1 should be applied to all appeals pending as of its effective date, as well as those perfected thereafter. *See Meigs v. Parke*, 1 Iowa 499, 502, 1 Morris 378, 380 (1844) ("[w]here a rule of practice is changed by statute without having any saving clause, we have always regarded the new law as applicable to all cases then pending"); 73 Am.Jur.2d *Statutes* § 354, at 490 (1974) ("[i]n the absence of any saving clause, a new law changing a rule of practice is generally regarded as applicable to all cases then pending").

Appellate rule 1(c) does not requires us to grant an interlocutory appeal; it merely permits us to grant it as if an application for it had been made under appellate rule 2. Consideration of the substantive issues raised in this case is appropriate for the reasons already discussed. We consider this "appeal" as an application for interlocutory appeal under rule 2, grant it, and proceed to resolve the issues raised.

■ II. *The summary judgment ruling.* The partnership contends that, even assuming its member was negligent in the earlier case, the second element of a malpractice claim—proof that the underlying suit would have been successful absent the lawyer's negligence [1]—was conclusively resolved against the Smiths in the appeal from the civil service ruling. Under such circumstances, it is argued, they are barred from relitigating the matter, under the doctrine of issue preclusion. The Smiths counter that one of the essential elements of issue preclusion, identity of issues, is missing, and it is therefore inapplicable. *See In re Evans*, 267 N.W.2d 48, 51 (Iowa 1978). They contend that the issue before the district court in the prior hearing was the sufficiency of the evidence to support the actions of the civil service commission, while the issue presented in this malpractice case concerned alleged negligence of the lawyer in pursuing the deputy's remedies, an entirely distinct issue. Despite the fact the cases grew out of the same general subject matter, the issue of the *lawyer's* alleged negligence was not one which "must have been material and relevant to the disposition of the prior action," *i. e.*, the propriety of the *commissioners'* actions. *Id.*; *see* A. Vestal, Res Judicata/Preclusion ch. 8(A), at V–189—V–194 (1969).

In seeking to uphold the entry of summary judgment in this case, the partnership also argues that Smith would have been terminated from his position without regard to the quality of his lawyer's representation, that this was determined in the prior district court proceeding, and that there are no disputed facts as to that determination. For summary judgment purposes, of course, we must assume the truth of the Smiths' allegations, which were supported by affidavits, that (1) the commissioners were bi-

---

1. *Baker v. Beal*, 225 N.W.2d 106, 109 (Iowa 1975) (citations omitted).

ased and their lawyer had failed to challenge them as provided by section 17A.17(4), The Code 1975, and (2) the lawyer failed to introduce certain available evidence which would have changed the outcome. We cannot hold as a matter of law that the result before the commission would have been the same in the absence of these acts of alleged negligence.

We express no view as to the merits of the Smiths' claims; we merely hold the case was not appropriate for application of issue-preclusion principles or summary judgment. The case is reversed and remanded for further proceedings.

REVERSED AND REMANDED.