Burroughs v. McLain.

---

BURROUGHS v. McLAIN, admr.

| 37 | 189 |
| 82 | 708 |
| 37 | 189 |
| 85 | 703 |
| 37 | 189 |
| 122 | 677 |

1. **Administrator:** FILING OF CLAIMS. That a claim against an estate was not filed within the time prescribed by statute, because of the promise of the administrator to pay it, and his statement to the claimant that such a course was not necessary, constitutes sufficient ground for equitable relief, within the meaning of section 2405 of the Revision.

2. **Pleading:** REPLICATION. An answer which in effect pleads matters in defense merely, as credits, payments or the like, does not require a replication.

3. **Evidence:** WHERE ADVERSE PARTY IS EXECUTOR. In an action against an administrator by the assignee of a promissory note, the payee is a competent witness for the plaintiff.

*Appeal from Story Circuit Court.*

WEDNESDAY, OCTOBER 8.

ACTION upon a promissory note. There was a trial to the court, without a jury, and a judgment for defendant. Plaintiff appeals. The facts of the case appear in the opinion.

*Frazer & McCall* for the appellant.

*Dana & Balliet, N. A. Rambolt, Dan. McCarthy, D. W. Gage* for the appellee.

BECK, Ch. J. — The petition declares, in the usual form, upon a promissory note, which was not presented for probate within the time required by statute. It is alleged as a reason for not filing the note within the required time, that it was presented to the administrator, who promised to allow and pay it, and advised plaintiff that it was unnecessary to file and prove the claim. Certain payments were made upon the note by the administrator.

1. ADMINISTRATOR.

As a defense, the answer sets up the fact that the note was not filed for probate within time; that it was given for certain ewes which the payee warranted to be with lamb and agreed to deduct from the note the sum of $20 for each ewe that proved not to be with lamb; that on account of the failure of the ewes to be with lamb, the note should be credited with the sum of $400; that such credit has never been made; that plaintiff has no interest in the note, holding it in trust for the payee; that plaintiff obtained the note after maturity without paying any consideration therefor, and had notice of all the equities against the paper.

I. The evidence conclusively establishes that the note was not filed for probate on account of the promise of the administrator to pay it, and his statement to the party holding it, that such a course was not necessary. He made certain payments which were indorsed as credits on the note. The holder of the paper was justified in relying upon the administrator's promises and statements, and now cannot be defeated, because he indulged defendant and followed his directions. *Brayley* v. *Ross*, 33 Iowa, 505.

II. The evidence shows that plaintiff became the holder of the note for valuable consideration before its maturity, and it is also established that the matter in regard to the warranty of the ewes was settled by the payee with the decedent in his life-time. The defense based upon that transaction is not sustained.

III. The plaintiff did not reply to defendant's answer. Counsel for defendant claim that the allegations of that pleading must therefore be taken as admitted, as they set up a counter-claim. But the answer cannot be so regarded. What is said therein amounts simply to a defense against the note. It is averred that for every ewe that proved not to be with lamb, $20 was to be deducted from the note. It can hardly be admitted that a claim could arise upon the contract as stated, which would amount to any thing other than payment or credit upon the note. At all events it is presented in no other light by the averments of the answer, and must be so regarded. The mere fact that defendant at the close of his answer claims judgment for a sum named, does not require that we regard it as presenting a counter-claim, when the rest of the pleading is incapable of such a construction.

*2. PLEADING.*

IV. The payee of the note was a witness at the trial. Defendant's counsel insists that he is not competent under Revision, section 3982, which excludes the evidence of the adverse party in a suit by or against an executor. But he was not a party to the suit and had no interest as such in the matter in controversy, the note having been trans-

*3. EVIDENCE.*

ferred by him in good faith before maturity. The provision relied upon in neither letter nor spirit operates to exclude his evidence.

No other points in this case are presented for our consideration.

In our opinion the circuit court erred in rendering judgment for defendant; it is reversed and the cause is remanded for further proceedings consistent with the opinion.

Reversed.