ATLAS, LTD., Plaintiff,

v.

KINGMAN WAREHOUSE CO. VIII; James W. Hall; Fred F. Ertl, Jr.; John E. Stoneman; David W. Brown; Dean H. Bemus; Ralph Zuber; Gilbert Wessel; Fred J. Yoder; Walter C. Ronk; and Kingman Warehouse Co. VIII Subgroup, Defendants.

Fred F. ERTL, Jr., Cross-Petitioner, Appellant,

v.

SHUTTLEWORTH & INGERSOLL, A Partnership; John M. Bickel; Thomas M. Collins; Wayne C. Collins; Robert O. Daniel; Richard S. Fry; C.W. Garberson; James W. Hall; Robert D. Houghton; Michael O. McDermott; James C. Nemmers; Patrick M. Roby; Gary J. Streit; W.R. Shuttleworth; Carroll J. Reasoner; and Steven H. Pace, Defendants to Cross-Petition/Appellees.

No. 83–1209.

Supreme Court of Iowa.

Nov. 14, 1984.

Steven M. Schneebaum of Patton, Boggs & Blow, Washington, D.C., and Phillip D. Klinger and Thomas C. McCuskey of Klinger, Robinson & McCuskey, Cedar Rapids, for cross-petitioner, appellant.

H. Richard Smith, Robert G. Allbee, and Wade R. Hauser III of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, Des Moines, for defendants to cross-petition/appellees.

Considered by REYNOLDSON, C.J., and McCORMICK, LARSON, SCHULTZ, and WOLLE, JJ.

LARSON, Justice.

This interlocutory appeal involves the proper scope of a cross-petition under Iowa Rule of Civil Procedure 34(a). The cross-petitioner, Fred R. Ertl, Jr., complains that the district court erroneously struck portions of his cross-petition against a third party, the Shuttleworth & Ingersoll law partnership. We reverse.

Ertl's cross-petition alleged his problems began when, in the process of executing a will, James W. Hall, an attorney in the Shuttleworth firm, persuaded him to invest a substantial amount of money in a partnership called Kingman Warehouse VIII. Hall was himself a partner in Kingman at the time.

Shortly thereafter, Kingman entered into a contract to buy a large commercial building from Atlas Ltd. Kingman defaulted, and Atlas brought an action for specific performance against Kingman Warehouse and its partners, including Ertl and attorney Hall. Ertl reacted by cross-claiming against his codefendant Hall under Iowa Rule of Civil Procedure 33, complaining that it was Hall's erroneous legal advice which had gotten him into the predicament to start with. Ertl also filed a cross-petition against the Shuttleworth firm, as a third party under rule 34(a), alleging the malpractice of Hall as a partner and that he was acting in the scope of partnership business. Ertl's cross-petition sought indemnity from Shuttleworth for any judgment Ertl might incur in the Atlas suit. It also sought from Shuttleworth, as it had from Hall, compensatory damages in the amount of Ertl's investment in Kingman Warehouse, punitive damages, attorneys fees, and general equitable relief. It is the

claims for compensatory and punitive damages against Shuttleworth which are the subject of this interlocutory appeal.

Shuttleworth responded to Ertl's cross-petition with a combined motion to dismiss it or, in the alternative, to strike all of its damage claims except the claim for indemnity. The grounds urged in both motions were that "Ertl's cross-petition claims are independent of and additional to plaintiff Atlas Ltd.'s contract claim against Ertl" because the latter suit was based on contract, while the cross-petition against Shuttleworth raised malpractice issues, and because it demanded damages which "are not dependent on the outcome of plaintiff Atlas Ltd.'s claim against Ertl." (The cross-claim against Hall under rule 33 was not challenged.)

In ruling on Shuttleworth's motions to dismiss or strike, the district court noted a dearth of Iowa cases on point but observed that "there are a multitude of federal cases under identical [federal] rule 14(a) holding that the joinder of a third-party defendant is based upon the cross-petitioner's right of indemnification or contribution from the third-party defendant for any recovery from the cross-petitioner by the plaintiff." Based upon this view of rule 34(a), the court ruled that "[Ertl's] claim for indemnification and contribution is proper under rule 34(a)" and denied the motion to dismiss. Under the same reasoning, apparently, it sustained the motion to strike the cross-petitioner's claims for other damages.

In its argument supporting that ruling, Shuttleworth contrasts Iowa rules 33 and 34(a). Under rule 33

[a] pleading may state as a cross-claim any claim by one party against a coparty *arising out of the transaction or occurrence* that is the subject matter either of the original action or a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include the claim that the party against whom it is asserted is or may be liable to the cross-claim-

ant for all or part of the claim asserted in the action against the cross-claimant.

(Emphasis added.)

Rule 34(a), on the other hand, provides:

(a) When defendant may bring in third party. At any time after commencement of the action a defending party, as a third-party plaintiff, may file a cross-petition and cause an original notice to be served upon a person not a party to the action who *is or may be liable to him for all or part of the plaintiff's claim against him....* A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for *all or part of the claim made in the action against the third-party defendant.*

(Emphasis added.)

Shuttleworth points to the language of rule 34(a) permitting a cross-petition against one "who is or may be liable to him for all or part of the plaintiff's claim against him" and argues that it is indemnity language, not as broad as the "[same] transaction or occurrence" language of rule 33. Claims for compensatory and punitive damages, it argues, are "alien" to the scheme of rule 34(a).

■ We do not read rule 34(a) so restrictively. While the rule itself limits the type of party who may be the subject of a cross-petition by requiring that the party be one subject to potential liability to the plaintiff in the underlying action, it does not limit the scope of remedies.

One authority, discussing federal rule 14, virtually identical to our rule 34(a), poses the issue:

May a defendant claim from a third-party defendant more than the original plaintiff is claiming from him or assert additional claims he may have against a party brought in under Rule 14?

6 C. Wright & A. Miller, Federal Practice and Procedure § 1452, at 284 (1971). In resolving the issue, it notes

the underlying purpose of Rule 14, which is to avoid multiplicity of actions and to promote the expeditious resolution of dis-

putes between parties. Once a court has determined that a proper third-party claim has been asserted, it should allow joinder of any other claims the third-party plaintiff may have against the third-party defendant.

*Id.* at 286 (footnotes omitted). *See Noland Co. v. Graver Tank & Manufacturing Co.,* 301 F.2d 43, 49–50 (4th Cir.1962) (third-party petition properly included claim for loss of anticipated profits as well as indemnity); *Executive Financial Services, Inc. v. Heart Chec, Inc.,* 95 F.R.D. 383 (D.C.Colo. 1982) (cross-petition against attorneys who drafted lease allowed in suit on lease itself). *See generally,* Annot., 12 A.L.R.Fed. 877 (1972). Federal cases interpreting their rule 14 are persuasive, and we adopt a similar view of rule 34(a). The district court, we believe, erred in its interpretation of the rule.

█ Shuttleworth argues that the scope of the cross-petition was nonetheless addressed to the court's discretion, and that Ertl has not shown that the court's discretion was abused. It is true such matters lie largely in the discretion of the trial court. *See Cowman v. LaVine,* 234 N.W.2d 114 (Iowa 1975); *Best v. Yerkes,* 247 Iowa 800, 815, 77 N.W.2d 23, 32 (1956); Wright & Miller, *supra,* § 1443, at 207–15. There is some question, though, as to how much weight we should accord the court's "discretion" here. The court appears to have struck the cross-petition claims on the basis of its interpretation of rule 34(a) and its conclusion that the damage claims had no "relationship" to Ertl's right to indemnity. Its ruling does not appear to be based on an exercise of discretion, so it might be argued that the question of abuse of discretion is beside the point.

█ Even if we assumed the case turned on abuse of discretion, the ruling could not be affirmed. As we have stated, only Ertl's cross-*petition* against Shuttleworth has been attacked; his cross-*claim* against his codefendant Hall has not been challenged. Thus, Ertl's claims for compensatory and punitive damages are still in the suit as to Hall even after the district court

struck them as to Shuttleworth. Moreover, the striking of these damage claims against Shuttleworth could not simplify the case by reducing the number of parties involved, because Shuttleworth would still be required to defend the indemnity portion of the cross-petition against it, which was left intact by the court's order. Even the issue of whether Hall was acting within the scope of partnership business would necessarily be litigated in order to establish Ertl's right to indemnity from Shuttleworth.

█ It would be inimical to the purposes of rule 34(a) to require a separate trial for the partnership on claims identical to those already presented in a separate case against the individual partner. In fact, this case presents a classic example of the potential circuity and multiplicity of actions sought to be avoided by such rules. *See Colton v. Swain,* 527 F.2d 296, 299 (7th Cir.1975) (federal rule 14); *Noland Co.,* 301 F.2d at 50.

In summary, we conclude the district court erred in interpreting rule 34(a) as excluding claims beyond those for indemnity. Furthermore, such a ruling could not be justified on the basis of trial court discretion. Such action would have been unreasonable under the attendant circumstances, thus an abuse of that discretion. *See Michael v. Harrison County Rural Electric Cooperative,* 292 N.W.2d 417, 419 (Iowa 1980).

We reverse and remand with instructions to reinstate Ertl's claims for compensatory and punitive damages against Shuttleworth.

REVERSED AND REMANDED.