**Vicky COLLIER, Petitioner–Appellant,**

v.

**GENERAL INNS CORP., A Subsidiary of General Growth Properties; Farr, Inc., d/b/a Holiday Inn, Respondent–Appellee.**

No. 87–1401.

Court of Appeals of Iowa.

Aug. 24, 1988.

Ralph D. Sauer and Mark A. Woollums of Betty, Neuman & McMahon, Davenport, for petitioner-appellant.

James P. Hoffman, Keokuk, for respondent-appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Defendants appeal a judgment entered on a jury verdict, claiming that the court should have sustained its motion for new trial on the grounds of excessiveness of the award and error of the court in refusing to instruct the jury that it might consider the proportion of fault of a named but unserved other person. We affirm.

This matter was before us on appeal by the plaintiff of the court's grant of judgment notwithstanding the verdict, following trial. *Collier v. General Inns Corp.*, No. 7–23 (Iowa App. March 31, 1987) [409 N.W.2d 717 (table)]. We reversed the court's ruling on that motion and remanded the case for consideration of the motion for new trial which had been filed by defendants, and which, due to the grant of judgment n.o.v., was not ruled upon. Our previous ruling held that there was sufficient evidence of defendants' negligence to submit the case to the jury. *Collier*, slip op. at 4. That issue is settled for the purposes of this appeal as well.

Defendants claim that the court should have granted a new trial because (1) the verdict is not sustained by the evidence and was the result of passion and prejudice; and (2) error of law was committed by the court in refusing to allow the jury to consider the fault of a named, but unserved other person.

Our scope of review in this appeal is limited to the correction of errors at law. Iowa R.App.P. 4. In ruling on motions for new trial, the trial court has broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties. Iowa R.App.P. 14(f)(3). Motions for new trials can be granted pursuant to Iowa Rule of Civil Procedure 244(f) if a jury verdict is not sustained by sufficient evidence. Also, a trial court can grant a new trial when the verdict fails to effectuate substantial justice. *Houvenagle v. Wright*, 340 N.W.2d 783, 785 (Iowa App.1983). "Generally, a trial court has broad discretion in passing on motions for new trials and only when there is a clear abuse of that discretion will we interfere with a ruling upon the motion." *Id.* at 785.

The plaintiff, Vicky Collier, was involved in an altercation in a lobby area of the Holiday Inn. The other combatant, Julie Mateus, pushed the plaintiff through a plate glass door, breaking the glass. The plaintiff suffered injuries from the broken glass.

Collier filed this lawsuit against the owner of the Holiday Inn, alleging that the hotel owner was negligent in failing to use safety glass in the door, and in failing to monitor the area where the altercation took place. In a separate division of her petition, Collier also named Julie Mateus as a defendant. Julie Mateus, however, was never served, and was never brought within the jurisdiction of the court as a party. The defendant, Holiday Inn, did not cross claim against Julie Mateus.

Following jury trial, the jury decided that Collier had been damaged in the amount of $185,000. By special interrogatories the jury decided that Collier was 85% at fault, and that Holiday Inn was 15% at fault.

Prior to submission of the case to the jury, Holiday Inn filed a requested verdict form, in which it sought allocation of fault between three parties, to-wit: Collier, Holiday Inn, and Julie Mateus. That requested verdict form was refused by the court. The jury was not instructed that it could allocate any fault to Julie Mateus.

1. Holiday Inn first contends that the verdict is not sustained by the evidence, and appears to have been influenced by passion and prejudice. "An aggrieved party may, on motion, have an adverse verdict ... vacated and a new trial granted for ... (d) Excessive or inadequate damages appearing to have been influenced by passion or prejudice; ... (f) That the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law." Iowa R.Civ.P. 244(d) and (f).

■ As above stated, we previously held that there was sufficient evidence to submit this case to the jury. *Collier*, slip op.

at 4. Likewise, we hold there was sufficient evidence to submit the issue of damages to the jury. To the extent that defendants' claim is based upon insufficiency of the evidence, therefore, this issue has been determined.

Still to be considered, however, is whether the verdict was influenced by passion or prejudice. In spite of the fact that the verdict, as it affects Holiday Inn involves only 15% of the total damages fixed by the jury in the amount of $185,000, still, the assessment of damages in that amount raises the question as to whether it was excessive or influenced by passion and prejudice.

■ The allowance of damages is peculiarly the province of the trier of fact. An appellate court will not interfere therewith unless it clearly appears the verdict is flagrantly excessive or inadequate, or so out of reason as to shock the conscience or sense of justice or raise a presumption it is the result of passion, prejudice or other ulterior motive or is lacking in evidential support. *Frantz v. Knights of Columbus*, 205 N.W.2d 705, 712 (Iowa 1973); *Schmidtt v. Jenkins Truck Lines, Inc.*, 170 N.W.2d 632, 659 (Iowa 1969).

Holiday Inn argues that the evidence does not justify the size of the damage determination by the jury. It argues that the medical expenses, both past and future, the lack of evidence of lost earnings in the past, and the lack of other factual evidence of damages shows that the verdict was the result of passion and prejudice. Plaintiff disagrees with defendants' characterization of the record, and argues that there is ample evidence to support the jury's appraisal of the damages suffered by plaintiff. Neither party suggests that the jury was guilty of misconduct or considered matters that were not before it. The facts as to plaintiff's condition or the pain suffered by her are not substantially in dispute. Defendants do not claim that there was no injury, or that those injuries were not painful. Neither do they dispute that there will be at least some permanent scarring. They do not contend that the anxiety claimed by plaintiff does not in fact exist, or that it isn't important.

The trial court, although feeling the case was close, declined to set aside the verdict because it was the result of passion and prejudice. We do not believe the court abused its discretion in so ruling. Courts have considerable discretion in the matter of whether to afford an aggrieved litigant a new trial. In *Lantz v. Cook*, 256 Iowa 409, 413, 127 N.W.2d 675, 677 (1964), the supreme court stated:

> In jury trials controverted issues of fact are for the jury to decide. That is what juries are for. To hold that a judge should set aside a verdict just because he would have reached a different conclusion would substitute judges for juries. It would relegate juries to unimportant window dressing. That we cannot do....

Further, in *Northrup v. Miles Homes, Inc.*, 204 N.W.2d 850, 861 (Iowa 1973), it was stated:

> Where, as here, the disputes are principally factual, and there is substantial evidence to support the jury's determination of these facts, the judge should not grant a new trial merely because reasonable men might disagree with the jury's conclusion.

■ There was no evidence here of any passion or prejudice by the jury. We do not believe the trial court's refusal to grant a new trial was an abuse of discretion, but was well within its discretionary power. We affirm the trial court's refusal to set the jury verdict aside.

■ For the first time on appeal, defendants argue that plaintiff's counsel's improper statements in final argument prejudiced defendants. Defendants claim that plaintiff's counsel made what they characterize as a "golden rule" argument. Defendants' counsel objected, the objection was sustained, and no further record was made concerning the issue. No mention of this issue was made in defendants' motion for new trial, and the issue is not addressed in the trial court's ruling. We hold that the issue has been waived. Iowa R.App.P. 14(a)(3). We do not, however, agree with

defendants' characterization and do not find that the argument prejudiced defendants.

2. Defendants next complain that the court refused to submit the form of verdict requested by defendants, which allowed the jury to allocate fault to Julie Mateus. It is defendants' contention that if their form of verdict had been submitted, it would have allowed the jury to assign some fault to Mateus and thereby reduce the percentage of fault assigned to defendants.

As stated by both parties, this precise issue is one of first impression in Iowa. Since this case was not filed before July 1, 1984, it is not governed by Iowa Code section 668.3 (1987), which would, in this case, require that plaintiff be barred from recovery, since "the claimant bears a greater percentage of fault than the combined percentage of fault attributed to the defendants...." This case is ruled by the doctrine of *Goetzman v. Wichern*, 327 N.W.2d 742, 753–59 (Iowa 1983), where the supreme court adopted "pure comparative negligence" providing that all parties at fault should contribute to the damages awarded in proportion to their respective percentages of fault. In this case, defendants, Holiday Inn, are responsible for 15% of the damages awarded under the jury verdict.

This case does not involve a claim by defendants that they should not be found to be jointly and severally liable to plaintiff with Julie Mateus. Defendants argue that under the doctrine of *Goetzman*, Julie Mateus's fault should be allocated, in the hope that it would lessen the allocation of fault to defendants. Defendants did not allege that Mateus's conduct was a proximate cause of plaintiff's injury. Defendants did not seek to join Mateus as a third-party defendant. All parties knew that Julie Mateus had been named but not served as a defendant. Defendants had the power to cross-petition against her and by that means to have her fault, if any, be considered by the jury.

We believe that the present case is controlled by the Iowa Supreme Court's rulings in *Baldwin v. City of Waterloo*, 372

N.W.2d 486 (Iowa 1985), and *Rozevink v. Faris*, 342 N.W.2d 845, 849–50 (Iowa 1983). In *Baldwin*, the supreme court held that on the issue of joint and several liability, not only section 668.4, but also 668.2 of the Code of Iowa applies. In *Rozevink*, the court noted that the scope of *Goetzman v. Wichern, supra*, was limited to the abrogation of contributory negligence only and was not intended to authorize the wholesale reallocation of fault in negligence cases. *Rozevink*, 342 N.W.2d at 849–50.

We agree with the trial court that Julie Mateus was not a party to this action, since she had never been served process, and jurisdiction of the court had not been obtained over her in this action. In *Baldwin*, the supreme court cites the Uniform Comparative Fault Act, and reminds us that it provides only for apportionment of the damages among "parties." *Baldwin*, 372 N.W.2d at 493. Referring to the reasons for so limiting such allocation, the court quotes comments by the commissioners as follows:

> [L]imitation to the parties to the action means ignoring other persons who may have been at fault with regard to the particular injury but who have not been joined as parties. This is a deliberate decision. It cannot be told with certainty whether that person was actually at fault or what fault should be attributed to him, or whether he will ever be sued, or whether the statute of limitations will run on him, etc. An attempt to settle these matters in a suit to which he is not a party would not be binding on him. *Both plaintiffs and defendants will have significant incentive for joining available defendants who may be liable. The more parties joined whose fault contributed to the injury, the smaller the percentage of fault allotted to each of the other parties, whether plaintiff or the defendant.* (Emphasis added.)

*Baldwin*, 372 N.W.2d at 493 (citing Uniform Comparative Fault Act § 2, 12 U.L.A. 46 (1985 Supp.)).

■ We hold that the trial court was correct in refusing to permit the jury to allocate fault to Julie Mateus, since she

was not a party to the action, and could not be bound by such a determination. We hold that Iowa Code section 668.2 (1987), does not apply to this case, since there has been no claim made that her fault, if any, was a proximate cause of plaintiff's injuries and defendants have not sought to include her as a third-party defendant. We also hold that even if section 668.2 applied in this case, unless served with process, Julie Mateus was not a "named defendant" as envisioned by that rule.

AFFIRMED.