**IOWA NATIONAL MUTUAL
INSURANCE COMPANY,
Appellant,**

**and**

**St. Paul Fire & Marine Insurance
Company, Plaintiff,**

**v.**

**Lowell and Bonnie
GRANNEMAN, Appellees.**

**No. 88–317.**

Supreme Court of Iowa.

April 19, 1989.

Rehearing Denied May 12, 1989.

Robert C. Tilden, Gregory M. Lederer, and Carolyn M. Hinz of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellant.

Gene Yagla of Lindeman & Yagla, Waterloo, for appellees.

Considered by LARSON, P.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

This appeal arises out of an action for contribution brought by plaintiffs, Iowa National Mutual Insurance Company (Iowa National) and St. Paul Fire & Marine Insurance Company (St. Paul), against defendants, Lowell and Bonnie Granneman. The district court granted summary judgment to the Grannemans after concluding that the one-year limitation period provided by Iowa Code section 668.6(3)(b) applied and that there did not exist a material factual dispute that the plaintiffs failed to file their petition within this period. Iowa National has appealed, challenging both of these conclusions. We affirm.

The suit underlying this contribution action was brought on June 12, 1981, by Glen Wheeler on behalf of his son, Matthew Wheeler. On June 14, 1979, Matthew was assisting Lowell Granneman in the operation of an insulation blower when his hand became caught in the machine. Wheeler's suit was initially against only Stumme Lumber Company, which was the retailer of the blower and Iowa National's insured; Wheeler later added as a defendant Unisul, Inc., which was the manufacturer of the blower and St. Paul's insured. The Grannemans were then brought into the action as third-party defendants by both Stumme Lumber and Unisul.

In December 1984, Wheeler reached a settlement agreement with Stumme Lumber that required Iowa National to pay Wheeler $120,000, of which $36,250 was to be paid "up front" at the time of settlement. By its terms, the document entitled "Settlement Agreement and Release" was entered into on December 11, 1984. December 11 was also the date the document was signed by Matthew and Glen Wheeler, whose signatures were notarized. A companion document, entitled "Qualified Assignment and Release," was also entered into by the Wheelers, Iowa National, and SAFECO Assigned Benefits Service Company on December 11, and was signed on that date by the Wheelers. This assignment incorporated by reference the "settlement agreement dated December 11, 1984."

The date the settlement agreement was signed by counsel for Stumme Lumber and Iowa National cannot be precisely stated. Iowa National contends December 14, 1984, is the most likely date, given the office procedures of the attorney involved, but concedes that the proper date might be December 12 or 13. What is not disputed is that the required "up front" payment of $36,250 was made by Iowa National to the Wheelers on December 11. In a separate transaction, St. Paul agreed to pay Iowa National $40,000.

On December 17, 1984, Wheeler dismissed with prejudice his claims against Stumme Lumber and Unisul. Also on December 17, Stumme Lumber dismissed without prejudice its claims against the Grannemans.

On December 16, 1985, Iowa National and St. Paul brought the present contribution action against the Grannemans.

■ I. *Applicability of Chapter 668.* The first issue raised by Iowa National's appeal is whether this action is governed by Iowa Code chapter 668 (1985), our comparative fault act. The heading to this chapter provides:

> Sections 668.1 through 668.10, except 668.4, *apply to all cases filed on or after July 1, 1984.* Section 668.4 applies to all cases tried on or after July 1, 1984. [Emphasis added].

Iowa National contends the phrase "all cases" does not encompass contribution claims filed after July 1, 1984, but which arose out of cases filed before that date.

Our interpretation of this language is guided by the following well-settled principles. The intent of the legislature is the polestar in construing the statute. *AFSCME/Iowa Council 61 v. Iowa Dep't of Pub. Safety,* 434 N.W.2d 401, 404 (Iowa 1988); *Kohrt v. Yetter,* 344 N.W.2d 245, 246 (Iowa 1984). However, where the language of the statute is clear and plain there is no room for construction, so the sole function of this court is to apply the statute according to its terms. *Hinders v. City of Ames,* 329 N.W.2d 654, 655 (Iowa 1983); *see Baldwin v. City of Waterloo,* 372 N.W.2d 486, 491 (Iowa 1985). If resort

to rules of construction is necessary, we take account of the object sought to be accomplished and the problems sought to be remedied by the statute, and arrive at a construction that will best effect its purpose. *AFSCME/Iowa Council 61*, 434 N.W.2d at 404; *Shell Oil Co. v. Bair*, 417 N.W.2d 425, 428 (Iowa 1987).

In *Baldwin*, 372 N.W.2d at 491, we addressed the issue of whether section 668.4, regarding joint and several liability, applied to a case filed before the effective date of chapter 668 but tried after July 1, 1984. In determining the meaning of the second sentence of the same statutory language involved in this case, we stated:

> The wording of this act could hardly be clearer. . . . We decline to attribute any other meaning to this provision in view of the clear language.

*Id.* We then determined application of section 668.4 in that case did not violate the plaintiff's substantive due process rights. *Id.* at 492.

The language regarding the applicability of the remaining sections of chapter 668 is equally clear. The term "all cases" means just that; an exclusion for contribution claims filed after July 1, 1984, but which arose out of cases filed before that date cannot reasonably be gleaned from the statutory language. Iowa National raises the specter of potential violations of substantive due process rights as being indicative of a legislative intent contrary to the plain language of the statute. We disagree. Moreover, we note that no such violations are alleged in this case.

We conclude that chapter 668 generally, and the one-year limitation period provided by section 668.6(3)(b) specifically, applied to this case.

■ II. *Summary Judgment.* The second issue raised on appeal is whether there exist genuine issues of material fact regarding this contribution action. Section 668.6(3)(b) provides:

> The person seeking contribution must have agreed while the action of the claimant was pending to discharge the liability of the person from whom contribution is sought and *within one year after the date of agreement* must have discharged that liability and commenced the action for contribution. [Emphasis added.]

The Grannemans contend the undisputed facts demonstrate, as a matter of law, that Iowa National on December 11, 1984, agreed to discharge their liability to Wheeler. Iowa National contends the uncertainty regarding the date counsel for it and Stumme Lumber signed the settlement agreement creates an issue of material fact. This case was not timely filed if the "date of agreement" between Iowa National and Wheeler was before December 14, 1984, as the petition here was filed on Monday, December 16, 1985.

On review of a grant of summary judgment, our task is to determine whether a genuine issue of material fact exists and whether the law was applied correctly. *Brown v. Monticello State Bank*, 360 N.W.2d 81, 84 (Iowa 1984). The question is whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. *Suss v. Schammel*, 375 N.W.2d 252, 255 (Iowa 1985). We view the record in the light most favorable to the resisting party, Iowa National, giving it the benefit of every legitimate inference that reasonably can be deduced from the evidence. *John Deere Leasing Co. v. Fraker*, 395 N.W.2d 885, 886 (Iowa 1986).

The only disputed fact in this case is the date counsel for Iowa National and Stumme Lumber signed the settlement agreement with Wheeler. Iowa National contends this fact is material to determining the "date of agreement" because the settlement agreement provided that it "shall become effective following execution by all of the parties."

We believe the facts here demonstrate the Grannemans are entitled to judgment as a matter of law. The settlement agreement and the assignment both recite that they were made on December 11, 1984. Additionally, both were signed by the Wheelers and notarized on that date. We

also find it significant that the initial payment by Iowa National to the Wheelers was made on December 11. Under these circumstances, even assuming counsel for Iowa National and Stumme Lumber did not sign the settlement agreement until December 14, we conclude as a matter of law that December 11 was the "date of agreement," commencing the one-year limitation period for this contribution action. The district court properly granted the Grannemans' motion for summary judgment.

AFFIRMED.