**IN THE COURT OF APPEALS OF IOWA**

No. 18-0386
Filed May 2, 2018

**IN THE INTEREST OF X.L.,**
**Minor Child,**

**D.L., Father,**
     Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Gregg R. Rosenbladt, Judge.

A father appeals the order terminating his parental rights to his three-year-old son. **AFFIRMED.**

Jane M. Wright, Forest City, for appellant father.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Crystal L. Ely of McGuire Law Firm, Mason City, guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**TABOR, Judge.**

DeWayne appeals the juvenile court's order terminating his parental rights to three-year-old X.L. He contends the State did not present clear and convincing evidence to support the grounds for termination. He argues it was not in X.L.'s best interests to terminate his rights, and termination would be detrimental to X.L. due to the closeness of their relationship. DeWayne complains the Iowa Department of Human Services (DHS) did not make reasonable efforts to reunify him with X.L. He also argues he should have been given an additional six months to work toward reunification.

After our de novo review of the record,[1] we conclude the circumstances meet the statutory basis for termination under Iowa Code section 232.116(1)(h) (2017), and termination was proper under sections 232.116(2) and (3). DeWayne is not prepared, due to his unresolved substance-abuse issues, to assume custody despite reasonable efforts made on his behalf. An additional six months would not have remedied the situation. We affirm the juvenile court's order.

## I.     FACTS AND PRIOR PROCEEDINGS

At birth, X.L. tested positive for tetrahydrocannabinol (THC), the active component of marijuana, but continued to live with his older half-sister in the care of their mother. When X.L. was just eight weeks old, the mother and DeWayne

---

[1] We review termination-of-parental-rights proceedings de novo, which means examining both the facts and law and adjudicating anew those issues properly preserved and presented. *In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). We are not bound by the juvenile court's factual findings, but we give them weight, especially when witness credibility is critical to the outcome. *See In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). The State must offer clear and convincing proof, which means we see no "serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (quoting *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000)).

got into a physical fight, and the mother stabbed DeWayne, while X.L. was present. The DHS temporarily removed the children but later returned them to the mother's care. When X.L. was nine months old, law enforcement officials received reports the mother was physically abusing X.L.'s sister. The court approved removal of the children, then placed them back with the mother. In the fall of 2016, DHS lost contact with the family. They had become homeless, and the older child had not been attending school. Upon relocating them late in 2016, the DHS removed the children from the mother again and placed them in the foster home where they have been living ever since.

Around this time, DeWayne got in touch with DHS about seeing X.L. At the next review hearing, DeWayne was present, and the court ordered DHS to begin providing services to him. The court ordered DHS to investigate his home for possible placement, set up drug testing, provide visitation, and assist with housing and transportation. The court ordered DeWayne to obtain substance-abuse and mental-health evaluations and follow through with any recommendation for treatment.

In early 2017, DeWayne's substance-abuse counselor informed DHS DeWayne was not engaging in services and admitted to substance abuse but was not interested in quitting. DeWayne refused to take drug tests and missed appointments. He declined to provide his address so DHS could set up visitation. In April, he pleaded guilty to misdemeanor possession of marijuana. In May, the juvenile court terminated the mother's parental rights. But the court found DeWayne was entitled to more time to participate in services because DHS had focused its services on the mother and did not adequately respond to DeWayne's

requests. DeWayne had secured a job and housing, and DHS set up supervised visits in his home.

As the months passed, DeWayne failed to address his substance abuse or respond to services. He was discharged unsuccessfully from a treatment program for not participating. Another substance-abuse evaluation recommended extended outpatient treatment which he declined. He failed several drug screens, testing positive for marijuana. DeWayne allowed his marijuana use to impact his interactions with X.L. On one occasion, social workers came to his apartment for visitation but had to cut the visit short due to the heavy smell of marijuana. A few days later, DeWayne refused to let the family safety, risk, and permanency (FSRP) worker into his apartment. The worker identified the distinct smell of marijuana coming from inside.

Visitation otherwise went well—DeWayne was generally prepared and actively engaged in his interactions with X.L. But DeWayne routinely ended visits ten minutes to one hour early, stating he did not know what to do with X.L. or he had to go to work. He occasionally missed visits or FSRP meetings without explanation or advanced warning.

The State filed a petition to terminate parental rights, and the juvenile court held a hearing on December 20, 2017. The court terminated DeWayne's parental rights under Iowa Code sections 232.116(1)(e) and (h). DeWayne appeals.[2]

---

[2] The mother does not participate in this appeal.

## II.    ANALYSIS

### A.  Statutory Basis

DeWayne argues the State did not present clear and convincing evidence to support the grounds for terminating his parental rights.  He claims the State did not prove, under section 232.116(1)(e), that he failed to maintain significant and meaningful contact with X.L.  He also claims the State did not prove the grounds under section 232.116(1)(h) because that section applies to children "three years of age or younger," and X.L. was three years and sixteen days old on the last day of the termination hearing.[3]

When the termination order rests on more than one paragraph of section 232.116(1), we may affirm on any ground supported by the record.  *In re K.R.*, 767 N.W.2d 321, 323 (Iowa Ct. App. 2007).  Here, we find clear and convincing evidence under subsection (h).

Reviewing the record, on the last day of the termination hearing, X.L. was past his third birthday.  But we have previously concluded paragraph (h) applies to children who are past their third birthday but have not yet reached their fourth birthday:

> [B]y looking to another subsection of Section 232.116(1) we can easily determine that [subsection (h)] does [apply to children who are past their third birthday but who have not yet reached age four].

---

[3] Iowa Code section 232.116(1)(h) provides a ground for termination where

> [t]he court finds that all of the following have occurred:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance . . . .
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents . . . at the present time.

> Section 232.116(1)(f) relates to a child "four years of age or older." If section 232.116(1)(h) did not apply to children between the ages of three and four, the statutory grounds for termination of parental rights under sections 232.116(1)(f) and (h) would apply to all identified children except those between ages three and four. We will not attribute such an illogical intent to the legislature. *See* Iowa Code § 4.4(3) (presuming that in enacting a statute a just and reasonable result is intended); *Baldwin v. City of Waterloo*, 372 N.W.2d 486, 493 (Iowa 1985) (declining to interpret a statute in a manner that "would make no sense").

*In re N.N.*, 692 N.W.2d 51, 53–54 (Iowa Ct. App. 2004). DeWayne does not challenge termination under paragraph (h) for any other reason. Therefore, we conclude the termination is supported on this ground.

### B. Best Interests and Closeness of Relationship

DeWayne next argues termination is not in the child's best interests, and would be detrimental to X.L. due to the closeness of their parent-child relationship. *See* Iowa Code §§ 232.116(2), (3)(c). He asserts no evidence was presented that his ability to provide for the child was affected by his mental condition. *See id.* § 232.116(2)(a). He also asserts there was no evidence X.L. has become integrated into his foster family or has a preference for the foster family. *See id.* § 232.116(2)(b)(2).

The statutory best-interests provision requires us to give primary consideration to the child's safety, to the best placement for furthering his long-term nurturing and growth, and to his physical, mental, and emotional condition and needs. Id. § 232.116(2). We also must decide if any factors in section 232.116(3) weigh against termination. *See In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). Section 232.116(3)(c) allows the court to decline termination if "[t]here is

clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."

After our review of the record, we conclude X.L.'s best interests will be advanced by terminating DeWayne's parental rights. DeWayne has failed to adequately address his substance-abuse issues and is unable to support X.L.'s mental and physical well-being. DeWayne has not completed recommended treatment and denies he has a substance-abuse problem. X.L. has never been in DeWayne's care, and DeWayne was not involved in X.L.'s life until he was removed from his mother's care for the third time.

DeWayne contends the record did not show X.L. was integrated into his foster family. But a letter from the foster parents dated October 2017 emphasizes X.L. has lived with them for most of his life and considers them to be his "mommy and daddy." He is also deeply bonded with his half-sister. The foster parents have provided both children a safe, stable home and hope to adopt them. It is in X.L.'s best interests to terminate his parental relationship with DeWayne and seek a stable and permanent home with the foster parents.

The permissive factor identified in section 232.116(3)(c) does not tilt the scales away from termination. *See D.W.*, 791 N.W.2d at 709. The social worker testified DeWayne and X.L. are building a relationship but do not yet have a bond. Accordingly, we affirm the termination of DeWayne's parental rights.

### C. Reasonable Efforts

DeWayne also contends the DHS did not make reasonable efforts to allow him to resume care of X.L. The DHS is required to make every reasonable effort to return children home, consistent with their best interests. Iowa Code

§ 232.102(7); *C.B.*, 611 N.W.2d at 493. But reasonable efforts are not a "strict substantive requirement of termination." *C.B.*, 611 N.W.2d at 493.

DeWayne has been offered numerous services during the child-in-need-of-assistance case but has not used them effectively to achieve reunification. DeWayne has received FSRP services, supervised visitation, parenting classes, drug testing, substance-abuse evaluations and treatment, and transportation assistance, among other services. But he declined or did not fully participate in substance-abuse treatment, repeatedly tested positive for marijuana, missed visits and FSRP meetings, and routinely ended visits early. DHS's efforts were reasonable.

## D. Additional Time

DeWayne requests an additional six months to work toward reunification. We may extend placement if we determine there will no longer be a reason for removal in six months. Iowa Code § 232.104(2). But DeWayne did not request any additional time at the termination hearing, so this claim is not preserved for our review.[4] But, even if we assume he preserved error, "[t]he best indication of a parent's future performance is past performance." *In re S.N.*, 500 N.W.2d 32, 34 (Iowa 1993). Given his refusal to acknowledge his substance-abuse problem, DeWayne has not shown he would be able to resume care of X.L. if given an additional six months.

**AFFIRMED.**

---

[4] "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).